FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HYOK PARK, individually;<br>SUNGHEE PARK, individually; and<br>BONG WOOK PARK, individually,<br><br>　　　　　　Defendants. | NO: 4:21-CV-5036-RMP<br><br>ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiff Jeremy Johnson's Motions for Default Judgment against Defendants Hyok Park and Sunghee Park. ECF Nos. 11 and 13. Defendants did not respond and have not otherwise participated in this matter. The Court has considered the motion, the record, the relevant law, and is fully informed.

## BACKGROUND

On March 12, 2021, Johnson filed a Complaint for declaratory and injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Revised Code of Washington

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 1

("RCW") 49.60.030(1).  ECF No. 1 at 3, 11.  Johnson alleges that he attempted to visit Kwick Stop at a property in Richland, Washington, that Johnson alleges is leased or owned by Hyok Park and Sunghee Park.  *Id.* at 2–3.  Johnson alleges that he must use a wheelchair due to a disability and, as a result, was unable to fully and equally access Kwick Stop's services, goods, privileges, accommodations due to several non-compliant barriers.  *Id.* at 10.

One month after filing his Complaint, Johnson filed a Proof of Service indicating that a process server left the service documents with co-Defendant Bong Wook Park at the KwickStop business address.  ECF No. 4.  When Hyok Park and Sunghee Park failed to answer Johnson's complaint, or otherwise defend this action, Johnson moved for entry of default on May 5, 2021.  ECF No. 5.  The District Court Clerk subsequently entered orders of default as to Hyok Park and Sunghee Park.  ECF Nos. 9 and 10.

In the instant motions, Johnson seeks entry of default judgment against Hyok Park and Sunghee Park and asks the Court to: (1) declare that the condition of the KwickStop premises violates the ADA and WLAD; (2) order the Defendants to alter their premises and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA; (3) enjoin all portions of the Defendants' premises identified in the Complaint as being non-compliant from being open to the public until such time that Defendants can prove to the Court that the entire facility is fully compliant; and (4) award reasonable

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 2

attorney's fees and costs and any other expenses related to the suit to Plaintiff.  ECF Nos. 12 at 2–3; 14 at 2–3.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure and the Local Civil Rules, obtaining a default judgment is a two-step process.  Fed. R. Civ. P. 55; LCivR55.  A party first must seek entry of default by the Clerk of Court and, second, must move for entry of default judgment.  Whether to enter default and whether to enter default judgment are within the discretion of the trial court.  *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1292 (9th Cir. 1982).  Default judgments generally are disfavored, and whenever it is reasonably possible, cases should be decided upon their merits.  *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

Before granting default judgment, a district court should ensure that a plaintiff properly served the defendant against whom default judgment is sought.  *Calista Enters. Ltd. v. Tenza Trading Ltd.*, No. 3:13-cv-01045-SI, 2014 WL 3670856, at *2 (D. Or. July 23, 2014).  This is because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly."  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Improper service of process is an adequate ground to set aside a clerk's entry of default.  *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).

Plaintiff may serve an individual defendant through personal service or by leaving a copy of the summons and complaint at the defendant's usual residence with

some person of suitable age and discretion also living at the residence.  Fed. R. Civ. P. 4(e); RCW 4.28.080(16).

## DISCUSSION

Plaintiff Johnson served Defendants Hyok Park and Sunghee Park by leaving the service documents with co-Defendant Bong Wook Park inside of the KwickStop on March 23, 2021.  *See* ECF No. 4.  The service reported by Plaintiff does not comply with the requirement that Plaintiff either serve Defendants Hyok Park and Sunghee Park personally or by leaving the service documents with someone of suitable age and discretion at Defendants' usual residence who also resides there.  Fed. R. Civ. P. 4(e)(2)(A); RCW 4.28.080(16).  Consequently, the Court finds that service of process on Hyok Park and Sunghee Park was insufficient, and, therefore, declines to enter default judgment against those Defendants.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motions for Default Judgment, **ECF No. 11 and 13**, are **DENIED WITH LEAVE TO RENEW**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 13, 2021.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 4