FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HYOK PARK, individually;<br>SUNGHEE PARK, individually; and<br>BONG WOOK PARK, individually,<br><br>　　　　　　Defendants. | NO:  4:21-CV-5036-RMP<br><br>ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiff Jeremy Johnson's Motion for Default Judgment.  ECF No. 15.  Plaintiff moves for default judgment against Defendant Bong Wook Park.  *See id*.  The Court has considered the motion and supporting brief, the remaining record, the relevant case law, and is fully informed.

**BACKGROUND**

On March 12, 2021, Johnson filed a Complaint for declaratory and injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 1

1 ("WLAD"), Revised Code of Washington ("RCW") 49.60.030(1).  ECF No. 1 at 3, 11.  Johnson, who asserts that he must use a wheelchair on account of his disability, alleges that he attempted to visit a business called Kwick Stop on Swift Boulevard in Richland, Washington (the alleged "subject public accommodation"), and that he was unable to fully and equally access and enjoy the facilities, services, goods, privileges, and accommodations offered by the business due to several architectural barriers.  *Id.* at 2–3.  Johnson alleges that the real property where Kwick Stop is located is leased or owned by Defendants Bong Wook Park, Hyok Park, and Sunghee Park, and that Bong Wook Park[1] is a "sole proprietor."  *Id.* at 2–3.

According to the Proof of Service filed by Johnson, a process server personally served Bong Wook Park with the Summons and Complaint on March 23, 2021.  ECF No. 3.  Bong Wook Park failed to answer Johnson's Complaint, or otherwise defend this action.  *See* ECF No. No. 16 at 2-3.  Johnson moved for entry of default against Bong Wook Park on May 5, 2021, and the Clerk of Court entered an Order of Default as requested.  ECF Nos. 7 and 8.

/ / /

/ / /

---

[1] As all Defendants in this action share the surname "Park," the Court uses Defendants' full names throughout this Order, to avoid confusion.

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 2

*Relief Sought*

Johnson now moves for default judgment against Bong Wook Park, asking the Court to: (1) declare that the subject public accommodation violates Title III of the ADA and also violates the WLAD; (2) order the Defendants to alter their premises and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the Americans with Disabilities Act; (3) order all portions of the Defendants' premises identified in the Complaint as being non-compliant to be enjoined from being open to the public until such time that Defendants can prove to the Court that the entire facility is fully compliant; (4) award reasonable attorney's fees and costs and any other expenses related to the suit to Plaintiff.  ECF No. 16 at 2–3.

## LEGAL STANDARD

After the Clerk of Court enters an order of default, a plaintiff may seek entry of a default judgment from the Court.  Fed. R. Civ. P. 55(b); LCivR 55(b)(1).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  A plaintiff moving for default judgment must provide evidence of all damages sought in the Complaint, and the damages sought must not be different in kind or exceed the amount demanded in the pleadings.  *See TeleVideo Sys.*, 826 F.3d at 917–18.

Plaintiffs in this District also must file an affidavit or declaration specifying "whether the party against whom judgment is sought is an infant or an incompetent person and, if so, whether that person is represented by a general guardian, conservator, or other like fiduciary; and must "attest that the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501-597b does not apply." LCivR 55(b)(1).[2]

"Even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather it is left to the sound discretion of the court." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). Rule 55 also "gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys.*, 826 F.2d at 917.

The Ninth Circuit has prescribed the following factors to guide the Court's decision regarding the entry of a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure

---

[2] The Court finds no such affidavit nor declaration submitted with Plaintiff's Motion for Default Judgment.

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 4

favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## DISCUSSION

As a preliminary matter, the Court notes that the Proof of Service filed by Plaintiff supports that Defendant Bong Wook Park received adequate service of process, through personal service on March 23, 2021. ECF No. 3; Fed. R. Civ. P. 4(e)(2)(A) (providing for personal service); RCW 4.28.080(16) (same). In addition, the Court has subject matter jurisdiction over this matter, as Plaintiff's ADA claim presents a federal question. *See* 28 U.S.C. § 1331.

**Eitel Factors**

<u>Possibility of Prejudice</u>

Defendant Bong Wook Park has failed to appear or file an answer to the complaint. *See* ECF No. 16 at 2–3. Johnson appears to lack an alternative to default judgment to ensure that Johnson can use Kwick Stop in the future. However, the Court also notes that Plaintiff's allegations of future use are minimal and conclusory, alleging only that Plaintiff "lives in Benton County, Washington [sic] and travels in the surrounding areas near Defendants' facilities on a regular basis for shopping, dining and entertainment." ECF No. 1 at 2. Therefore, the first *Eitel* factor favors Plaintiff, but not heavily.

/ / /

/ / /

Substantive Merits and Sufficiency of the Complaint

The second and third *Eitel* factors are assessed by analyzing whether the allegations in the Complaint are sufficient to state a claim on which Plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff claims that Defendant Bong Wook Park violated his rights under Title III of the ADA and the WLAD, by reference to the ADA. ECF. No. 1 at 3–13.

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations because of [his] disability." *Molski v. MJ. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). Discrimination on account of disability under the ADA includes "a failure to remove architectural barriers, . . . in existing facilities, . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Furthermore, to state a sufficient claim for discrimination under the ADA because of "the presence of architectural barriers in an existing facility, a plaintiff must allege and prove that: '(1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable.'" *Hubbard v. 7-Eleven, Inc.*, 433 F.Supp.2d 1134, 1138 (S.D. Cal. 2006) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F.Supp.2d 1065, 1085 (D. Haw. 2000)).

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 6

Plaintiff alleges that he is a quadriplegic who requires a wheelchair and is substantially limited in performing one or more major life activities, including walking, standing, and maneuvering. ECF No. 1 at 2. The ADA's definition of disability includes substantial limitations to walking. *See* 42 U.S.C. § 12102. Accepting Plaintiff's allegations as true for purposes of this motion, Plaintiff has established an ADA disability.

Plaintiff also alleges that Kwick Stop is a public accommodation under the ADA "in that they are establishments [sic] which provide goods and services to the public." ECF No. 1 at 3. Plaintiff alleges that each Defendant either owns, leases, or operates the public accommodation. *Id.* at 2-3. The ADA defines a public accommodation to include an establishment that serves food or drink; a grocery store or other sales or rental establishments; and a gas station or other service establishment. *See* 42 U.S.C. § 12181(7). Accepting as true the bare allegations of the Complaint, Kwick Stop satisfies the ADA's definition of a public accommodation.

Next, Plaintiff must demonstrate that he was denied public accommodations by Defendant Bong Wook Park due to Plaintiff's disability. *Molski*, 481 F.3d at 730. Under the ADA, the Attorney General is responsible for promulgating the implementing regulations for Title III. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1080 (9th Cir. 2004) (citing 42 U.S.C. § 12186(b)). Congress required these implementing regulations to be consistent with the minimum guidelines

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 7

issued by the Architectural and Transportation Barriers Compliance Board, which issued its ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") in 1991. *Fortyune*, 364 F.3d at 1080 (citing 42 U.S.C. § 12186(c); 36 C.F.R. Pt. 1191, App. A).

The Ninth Circuit has held that the ADAAG inform whether a facility meets the accessibility under the ADA. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (citations omitted). "The overall policy of the ADA is to require relatively few changes to existing buildings, but to impose extensive design requirements when buildings are modified or replaced." *Twede v. Univ. of Washington*, 309 F. Supp. 3d 886, 900 (W.D. Wash. 2018). Toward that end, Title III sets forth three categories of accessibility requirements, to which corresponding ADAAG apply: the "new construction" provisions, which apply to public accommodations constructed after January 26, 1992; the "alteration" provisions, which apply to post-January 26, 1992 alterations to buildings that existed as of that date; and the "readily achievable" provisions, which apply to unaltered portions of buildings constructed before January 26, 1992. 28 C.F.R. §§ 36.401, 36.402; *see also Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011).

A facility that existed when the ADA was enacted only must remove "architectural barriers" where doing so is "readily achievable." See 42 U.S.C. § 12182(b)(2)(A)(iv). However, the ADA requires that any alterations made after January 26, 1992, to an existing building be made "readily accessible to and

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 8

useable by" individuals with disabilities "to the maximum extent feasible[.]" 42 U.S.C. § 12183(a)(2). An entity must comply with the ADAAG in effect at the time of alteration. *See* 28 C.F.R. § 36 App. A (providing that an existing "facility is subject to the alterations requirements and standards in effect at the time of the alteration").

With respect to when Kwick Stop was constructed or altered, Plaintiff alleges only: "The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone remodeling, repairs and/or alterations since January 26, 1990 and more specifically on or after March 15, 2012 as it pertains to 28 C.F.R. § 36.406." ECF No. 1 at 3. Plaintiff provides no further information with his Motion for Default Judgment with respect to when the Quick Stop was built or altered.

Nevertheless, Plaintiff alleges the following as barriers that he encountered during his visit to Kwick Stop on or about October 26, 2020, and that allegedly are non-compliant with the ADA:

    1. cross slope grading and slip-resistant surfaces. Specifically, the slip-resistant access aisle ground surfaces and wheelchair accessible cross slope grading exceeded 2%;

    2. parking stall, access aisle striping, and markings, which are dilapidated and in need of repairs;

    3. parking stall and access aisle sizes;

    4. parking stall signage;

5. access aisle width clearance;
6. accessible route from accessible parking spaces to the accessible building entrance;
7. accessible route that does not provide abrupt changes in elevation greater than 1/4 inch;
8. accessible route with compliant slope grading;
9. entrance door hardware;
10. door maneuvering clearances;
11. carpet or carpet tile;
12. service counters;
13. accessible self-serve counter height;
14. accessible self-serve dispenser reach ranges;
15. interior aisle width clearances;
16. accessible merchandise reach range;
17. point of sale, merchandise, and display reach range, throughout the subject facility;
18. restroom signage; and
19. restroom facilities, including, but not limited to, compliant restroom door, signage, hardware, the required restroom maneuverability clear floor space, toilet and lavatory clear floor spaces, entry door clear floor space, accessible grab bars, accessible dispenser heights, and mirror height.

ECF No. 1 at 5–10.

Without a factual basis to determine which accessibility standards applied to the Kwick Stop premises based on when the premises were constructed and when or whether the premises have been altered, the Court cannot determine whether

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 10

Plaintiff has established an architectural barrier prohibited under the ADA. *See Hubbard*, 433 F.Supp.2d at 1138 (noting that a plaintiff alleging discrimination on account of disability due to an architectural barrier must prove that the existing state of the defendant's premises violates the ADA).

Likewise, Plaintiff alleges summarily that the removal of the alleged architectural barriers is readily achievable. ECF No. 1 at 4, 11. The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181. The Ninth Circuit has held that an ADA plaintiff bears "the initial burden at summary judgment of *plausibly showing* that the cost of removing an architectural barrier does not exceed the benefits under the particular circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034–35 (9th Cir. 2020) (emphasis in original); *see also Jones v. Islam*, No. 2:20-cv-11038-JLS-JPR, 2021 U.S. Dist. LEXIS 150450, at *17 (C.D. Cal. July 7, 2021) (finding that district courts in the Ninth Circuit apply the same burden where plaintiff seeks default judgment).

Plaintiff's conclusory, non-specific, and unsupported allegations are insufficient to support that removal of any barriers is readily achievable by Defendant Bong Wook Park. *See* ECF No. 1 at 4, 11; *Soto v. Doublz of El Monte, Inc.*, No. CV 20-10296 FMO (SKx), 2021 U.S. Dist. LEXIS 160007 * at 4-5 (C.D. Cal. Aug. 23, 2021) (finding "plaintiff's conclusory allegations that defendant 'ha[s] the financial resources to remove these barriers without much difficulty or

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 11

expense[,]'" insufficient).  Plaintiff seeks the severe remedy of enjoining Defendant from opening any portion of the Kwick Stop to the public until Defendant demonstrates that the entire premises are fully compliant with the ADA.  ECF No. 16 at 3.  However, Plaintiff does not meet his own burden of proving or even alleging with any specificity that removal of any barriers is readily achievable.  Accordingly, the Court finds that the second and third *Eitel* factors do not support default judgment as to Plaintiff's ADA claim.

### Sum of Money at Stake

The fourth *Eitel* factor is the sum of money at stake in the action.  *Eitel*, 782 F.2d at 1471–72.  In addition to injunctive and declaratory relief, Plaintiff seeks an award of attorney's fees and costs.  ECF No. 16 at 6.  However, Plaintiff does not claim any specific amount in attorney's fees and costs, so the Court cannot assess whether the amount is reasonable.  *See NewGen, Ltd. Liab. Co. v. Safe Cig, Ltd. Liab. Co.*, 840 F.3d 606, 617–18 (9th Cir. 2016) (affirming damages award on default where the plaintiff presented to the district court a "detailed account" of how each requested amount was calculated).  The fourth *Eitel* factor disfavors granting Plaintiff a default judgment for unspecified attorney's fees and costs.

### Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor is the possibility of a dispute concerning the material facts.  *Eitel*, 782 F.2d at 1471–72.  None of the Defendants has appeared in this matter to dispute Plaintiff's allegations, and have therefore admitted the facts

alleged in the Complaint.  *See TeleVideo Sys.*, 826 F.3d at 917–18.  However, as the Court noted above, Plaintiff makes conclusory allegations and minimal factual allegations in support of his claims, without submitting with his Motion for Default Judgment any evidence to corroborate his factual allegations.  Therefore, the Court finds that it lacks information to reliably evaluate the possibility that there would be a dispute concerning material facts, and this *Eitel* factor is neutral.

### Possibility of Excusable Neglect

The sixth *Eitel* factor is whether the entry of default was due to excusable neglect.  *Eitel*, 782 F.2d at 1471–72.  In *Eitel*, the Ninth Circuit found excusable neglect when a party did not answer a complaint because it thought that it had reached a settlement with the plaintiff.  *Id*. at 1472.  The Court finds no indication of excusable neglect in this matter.  Plaintiff personally served Bong Wook Park at his place of business and indicates that he mailed the Motion for Default Judgment to Mr. Park at the same business address.  *See* ECF Nos. 3; 16 at 2.  Therefore, the sixth *Eitel* factor favors a default judgment.

### Policy Favoring Decisions on the Merits

The seventh *Eitel* factor is the strong policy favoring decisions on the merits in the Federal Rules of Civil Procedure.  *Eitel*, 782 F.2d at 1471–72.  "Whenever it is reasonably possible, cases should be decided upon their merits."  *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).  However, a defendant's failure to appear "makes a decision on the merits impractical, if not

impossible." *PepsiCo*, 238 F. Supp. 2d at 1177.  Defendant Bong Wook Park's failure to appear supports that an adjudication on the merits is unlikely or even impossible in this matter.  Therefore, the seventh *Eitel* factor favors default judgment as a case-dispositive option in this matter.

<u>Conclusion as to *Eitel* Factors</u>

Based on the scant allegations and lack of support offered by Plaintiff, the Court is not satisfied that the *Eitel* factors favor entry of default judgment against Defendant Bong Wook Park.  *See Eitel*, 782 F.2d at 1472 (reminding courts that default judgments are usually disfavored).  Plaintiff has not fully developed nor supported his arguments for the relief that he seeks.  However, as Defendant's failure to appear in this matter forecloses adjudicating this case on its merits, the Court denies Plaintiff's Motion for Default Judgment with leave to renew if Plaintiff is able to remedy the deficiencies of the instant Motion.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, **ECF No. 15**, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel and Defendant Bong Wook Park at the address where service was completed, *see* ECF No. 3.

**DATED** December 15, 2021.

           *s/ Rosanna Malouf Peterson*
           ROSANNA MALOUF PETERSON
           Senior United States District Judge